CINE-PAK CORPORATION, Plaintiff,

v.

PATHECOLOR, INC., Defendant.

Civ. A. No. 1009-59.

United States District Court
D. New Jersey.

Sept. 29, 1960.

Norman N. Popper, Newark, N. J., Alexander Seclow, Bayonne, N. J., for plaintiff.

Carpenter, Bennett & Morrissey, by Laurence Reich, Jersey City, N. J., for defendant, Elmer J. Bennett, Jersey City, N. J., of counsel.

HARTSHORNE, District Judge.

This is an action by plaintiff, The Cine-Pak Corporation, for damages, both compensatory and punitive, charging malicious breach of contract by defendant, Pathecolor, Inc., the action having been

removed to this Court on the ground of diversity.

■ Plaintiff and defendant entered into an agreement for plaintiff to advertise and sell defendant's moving picture film, utilizing defendant's trademark and service mark of a rooster and the word "Pathe," as well as defendant's trade name of Pathecolor, defendant to develop this film after sale. The price of the film, as sold to the general public, included the development cost, defendant to be paid a proportion of this sales price. The contract provided, among other things, that defendant might perform its obligations of developing the film through "agents, representatives and subcontractors of its own selection." During the term of the contract, defendant announced it would no longer develop the film, but that another organization, Dynacolor, would do so.

Plaintiff's complaint is based on defendant's turning over its work under the contract to Dynacolor, as above, as being a breach of the contract, claiming that Dynacolor was not defendant's agent, representative or subcontractor, but an assignee or vendee, and that same was part of a conspiracy with other parties to ruin plaintiff's business. Defendant not only denied that its arrangements with Dynacolor were a breach of the contract, but rests on an amended counterclaim in five counts. Counts 1 and 2 ask for damages and an injunction, respectively, on the theory that plaintiff was unlawfully using defendant's trade name of Pathecolor, which allegedly had acquired a secondary meaning denoting defendant alone, and that plaintiff's use of that name was unfair competition deceiving the public, to defendant's injury. Counts 3 and 4 were based on defendant's trademark and service mark of a rooster and the name "Pathe," of which defendant claimed to be the nonexclusive licensee. Defendant claimed that this trademark and service mark had acquired a secondary meaning denoting defendant, and that plaintiff was similarly employing unfair competition. Count 3

asked damages, count 4 an injunction and treble damages.

Plaintiff has moved for summary judgment on its complaint, and on Counts 1, 2, 3 and 4 of the amended counterclaim.

As to plaintiff's motion for summary judgment on the complaint, the affidavits filed show there is an issue of fact, as to whether defendant has breached its contract, by arranging for Dynacolor to develop the film which defendant had previously contracted to develop. The specific issue is whether in point of fact this arrangement by defendant with Dynacolor made Dynacolor defendant's agent, representative or subcontractor, or, on the other hand, defendant's assignee or vendee. Because of this issue of fact, plaintiff's motion for summary judgment on the complaint must be denied.

Turning to plaintiff's motions for summary judgment on Counts 1, 2, 3 and 4 of the amended counterclaim, we first note that Counts 1 and 2 are based not on any trademark or service mark, which might well give rise to a statutory cause of action under the Trademark Act, 15 U.S.C.A. § 1114, but count on the common law right to recover for unfair competition by the use of a trade name— Pathecolor. Here again conflicting issues of fact exist, as revealed by affidavit, as to the authority to use defendant's trade name. The determination of this issue may well depend upon whether there was or was not a breach of contract by the defendant. This existing issue of fact requires the denial of plaintiff's motion in that regard.

■ Furthermore, as to Counts 3 and 4 based upon the trademark and service mark of a rooster connected with the word "Pathe," defendant admits that as to them it is not actually the owner or the registrant of such trademark, but a nonexclusive licensee. The statute gives a right of action for infringement of such a trademark to "the registrant" or "the owner of the right infringed," 15 U.S.C.A. § 1114(1) and (2). Thus defendant's charges as to such trademark and service mark could not count upon

**500**

the statutory right of action, but upon the common law action for unfair competition. Such being the case, defendant's demand in Count 4 for treble damages, a solely statutory remedy, must be stricken.

 The remaining question is as to defendant's standing to sue at common law under Counts 3 and 4. The authorities indicate as to a trademark or service mark that not only does the statutory remedy lie solely in the hands of a registrant or owner, but that the one who sues at common law for unfair competition in the use of a trademark or service mark must be their proprietor. In House of Westmore v. Denney, 3 Cir., 1945, 151 F. 2d 261, 265, Judge Forman said:

> "Quite aside from the statutory rights granted under the Trade-Mark Acts, a *proprietor* of a trademark or trade name identified with his business and characterized by advertising and good will built by him, has a cause of action against one who by unfair means usurps the good will * * *
>
> "* * * The ultimate burden of proving these elements [including ownership of the mark] rests therefore upon the one who seeks to sustain the mark in a statutory action for infringement *or in a common law action for unfair competition* based on confusing similarity of mark." at page 265 [brackets and italics this Court's]

But in Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 1935, 305 U. S. 315, 336, 59 S.Ct. 191, 201, 83 L.Ed. 195, while the Supreme Court alluded to the fact that ownership of the mark is requisite for a suit under the trademark statute, it upheld a common law action for unfair competition by the user of a mark when such mark had acquired a secondary meaning as to that user, showing that he in that sense was an owner of the mark. To the same effect see Perry v. American Hecolite Denture Corp., 8 Cir., 1935, 78 F.2d 556. Since the trademark and service mark here in question have been in existence for some

33 years, it may be quite difficult for defendant to prove that its four year use thereof has established a secondary meaning pointing to defendant only. But, since such is the allegation, proof to that end must be permitted.

Thus, while defendant's application for treble damages in Count 4 of the amended counterclaim will be stricken, plaintiff's motions for summary judgment, as to the complaint and as to Counts 1, 2, 3 and 4 of the amended counterclaim, will be denied.

An order may be entered accordingly.